**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

DEC 28 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| CHARLES G. KINNEY, | No. 16-17255 |
| Plaintiff-Appellant, | D.C. No. 3:16-cv-06505-VC |
| v. | |
| ROGER W. BOREN; DAVID LANE, | MEMORANDUM* |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Northern District of California
Vince Chhabria, District Judge, Presiding

Submitted December 18, 2017**

Before: WALLACE, SILVERMAN, and BYBEE, Circuit Judges.

Charles G. Kinney appeals pro se from the district court's judgment

dismissing sua sponte his action arising from a state appellate court order requiring

Kinney to post a security bond. We have jurisdiction under 28 U.S.C. § 1291. We

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2). Kinney's request for oral argument, set forth in the opening brief, is denied.

review de novo a dismissal under the *Rooker-Feldman* doctrine. *Noel v. Hall*, 341 F.3d 1148, 1154 (9th Cir. 2003). We affirm.

The district court properly dismissed Kinney's action as barred by the *Rooker-Feldman* doctrine because Kinney's claims amount to a forbidden "de facto appeal" of a prior state court judgment or are "inextricably intertwined" with that judgment. *See id.* at 1163-65 (discussing proper application of the *Rooker-Feldman* doctrine).

The district court did not abuse its discretion by denying Kinney's motion for a temporary restraining order. *See id.*; *Earth Island Inst. v. U.S. Forest Serv.*, 351 F.3d 1291, 1298 (9th Cir. 2003) (setting forth standard of review).

The district court did not abuse its discretion by dismissing the complaint without leave to amend because amendment would be futile. *Cervantes v. Countrywide Home Loans, Inc.*, 656 F.3d 1034, 1041 (9th Cir. 2011) (setting forth standard of review and explaining that dismissal without leave to amend is proper when amendment would be futile).

We do not consider arguments and allegations raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

**AFFIRMED.**